UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PATRICK TRACY, <br> Reg. No. 06499-028, <br> Petitioner, | § § § § | |
| v. | § § | EP-11-CV-252-PRM |
| M. TRAVIS BRAGG, Warden, <br> Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Patrick Tracy ("Tracy"), a federal prisoner currently incarcerated at the La Tuna Federal Correctional Institution, in Anthony, Texas,[1] challenges a prison disciplinary action brought against him for allegedly using intoxicants. In an amended *pro se* petition for habeas corpus under 28 U.S.C. § 2241 [ECF No. 5], Tracy claims that the disciplinary process was flawed because the breathalyzer operator was unfamiliar with the equipment, that investigators failed to conduct a thorough investigation of the incident, and that prison officials did not disclose favorable evidence to him before his disciplinary hearing.[2] Tracy asks the Court to set aside the discipline hearing officer's finding of guilt and order the Bureau of Prisons ("BOP") to restore his lost good-time credit, readjust his custody classification, and return him to a minimum security camp.[3]

Respondent M. Travis Bragg ("Bragg"), the Warden at La Tuna, counters Tracy's petition with a motion to dismiss his cause as moot pursuant to Federal Rule of Civil Procedure 12(b)(1)

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C.A. § 124(d)(3) (West 2011).

[2] Pet'r's Pet. 6–7.

[3] *Id.* at 7.

[ECF No. 18]. Bragg explains that the BOP has expunged the prison disciplinary action, the basis for the instant petition, from Tracy's record, and that it has restored Tracy's lost good-time credit.[4] Bragg asks the Court to dismiss this cause as moot because Tracy "received the remedy he sought" and "no longer has any legally cognizable interest in the outcome of the case."[5]

In his response to Bragg's motion to dismiss [ECF No. 22], Tracy claims that the BOP "surreptitiously expunged the incident report . . . and returned the twenty-seven days of good time" credit.[6] He then asserts that "the collateral consequences of this wrongful incident report and change in custody classification can not be erased from the BOP administration's mind."[7] According to Tracy, collateral consequences which could flow from the expunged prison disciplinary action include: (1) an increase in the duration and intensity of his supervised release; (2) an adverse reaction by other governmental agencies to the entries in his BOP records; (3) an increase in his custody classification; (4) a more adverse adjudication of any future allegations of disciplinary infractions; (5) the denial of a furlough; and (6) a shorter stay in a half-way house or in home confinement. Accordingly, he argues that a "live controversy does exist" and asks the Court "to reach the merits of his claims."[8]

In his reply [ECF No. 23], Bragg notes that "'[t]he Supreme Court has established a

---

[4] Resp't's Mot. to Dismiss 1 (referring to Ex. A, Declaration of G. Rawls, Attach. 1, Inmate Discipline ADD Hearing / Findings).

[5] *Id.* at 3.

[6] Pet'r's Resp. 1.

[7] *Id.* at 3.

[8] *Id.* at 5.

presumption of collateral consequences from a wrongful criminal conviction, but the Court has not extended this presumption to prison disciplinary sanctions.'"[9] Bragg adds, "[t]herefore, '[a] petitioner challenging only the sentence, and not the underlying conviction, must affirmatively allege and demonstrate collateral consequences.'"[10] Thus, "[s]peculative, collateral consequences of prison administrative decisions . . . do not create constitutionally protected liberty interests.'"[11] Bragg argues that in this case, Tracy "'has not made any specific showing that the expungement of the adverse disciplinary finding from his prison file would likely result in' any adverse consequences."[12]

## LEGAL STANDARD

A prisoner's challenge to a disciplinary action may fall within the scope of § 2241.[13] Relief is not available, however, unless the petitioner shows that prison authorities deprived him

---

[9] Resp't's Reply 2 (quoting *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (per curiam); *see also Wilson v. Terhune*, 319 F.3d 477, 482 (9th Cir. 2003) ("We hold that the presumption of collateral consequences does not apply to prison disciplinary proceedings."); *accord Adair v. Dretke*, 150 F. App'x 329, 331–32 (5th Cir. 2005) (per curiam) ("This Court has held that a federal prisoner's appeal from the denial of a § 2241 petition, seeking expungement of disciplinary reports and restoration of good time, was moot because the Court could not provide the requested relief and the prisoner did not allege he would be subject to future adverse consequences.")).

[10] *Id.* (quoting *Edwards v. Dretke*, 2005 WL 3542568, at *2 (S.D. Tex. 2005) (citing *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998)).

[11] *Id.* (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam)).

[12] *Id.* at 3 (quoting *Leung v. Swarthout*, 2011 WL 2065321, at *1 (E.D. Cal. 2011)).

[13] *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[A]ppellant's petition to expunge the Bureau's disciplinary sanctions from his record, including the loss of good time credits, as a challenge to the execution of his sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241.").

of some right secured by the Constitution or laws of the United States.[14] Moreover, "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."[15] A recognized liberty or property interest must be at stake before a due process claim is cognizable.[16] Thus, a petitioner is not entitled to due process protections in a prison disciplinary hearing unless he is subjected to sanctions which "impose[ ] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."[17]

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.[18] It is proper for a court to dismiss a case for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the case.[19] In reviewing a Rule 12(b)(1) motion, a court may consider (1) the complaint alone, (2) the complaint in addition to undisputed facts in the record, or (3) the complaint, undisputed facts in the record, plus the court's resolution of disputed facts.[20] The

---

[14] See Brecht v. Abrahamson, 507 U.S. 619, 633–34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness."); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting Hilliard v. Bd. of Pardons & Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985)).

[15] Sandin v. Conner, 515 U.S. 472, 478 (1995).

[16] Bd. of Regents v. Roth, 408 U.S. 564, 569–70 (1972).

[17] Sandin, 515 U.S. at 484.

[18] FED. R. CIV. P. 12(b)(1).

[19] Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998).

[20] Walsh v. Adjutant Gen.'s Dep't of Tex., 533 F.3d 289, 293 (5th Cir. 2008).

party asserting jurisdiction carries the burden of proof for a Rule 12(b)(1) motion.[21] A dismissal pursuant to Rule 12(b)(1) is not a decision on the merits.[22]

Finally, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[23] The United States Constitution, Article III, section 2, clause 1, requires the existence of a case or controversy to support a federal court's jurisdiction.[24] To satisfy the "case or controversy" requirement, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."[25] Accordingly, "[t]he inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'"[26] A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[27] "Past exposure to illegal conduct does not itself show a present case or controversy

---

[21] *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

[22] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[23] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[24] *Amar v. Whitley*, 100 F.3d 22, 23 (5th Cir. 1996).

[25] *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotation marks and citations omitted).

[26] *Defunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)).

[27] *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."[28] "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."[29]

## ANALYSIS

In this case, Tracy does not challenge the validity of his underlying criminal conviction or sentence, only the execution of his sentence. Specifically, Tracy challenges a prison disciplinary action which resulted in the loss of good-time credit and other sanctions. Both Tracy and Bragg now agree, however, that the BOP has expunged the disciplinary action from Tracy's record and restored his lost good-time credit. Moreover, Tracy's reclassification to a higher security level does not amount to an "atypical" hardship.[30] Further, Tracy does not have a constitutionally-protected interest in being assigned to a particular prison facility.[31] Accordingly, insofar as Tracy complains about his "custody classification" and his transfer from a "minimum security camp," he fails to state a claim for which relief might be granted.[32] Thus, in order to survive Bragg's motion to dismiss, Tracy must show that the expunged disciplinary action itself will cause—or is still causing—him to suffer some actual, future harm, and that a writ of habeas corpus can prevent this harm.

---

[28] *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

[29] *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

[30] *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) ("'Inmates have no protectable property or liberty interest in custodial classifications.'") (quoting *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)).

[31] *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (per curiam); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).

[32] *Sandin*, 515 U.S. at 484.

Where a petitioner challenges the validity of a criminal conviction, he can satisfy the case-or-controversy requirement of Article III of the Constitution by merely suggesting that the conviction may have collateral consequences on his ability to vote, engage in certain businesses, serve as juror, or hold public office.[33] While this presumption of collateral consequences may comport with the reality of a criminal conviction, the Supreme Court has held that the same cannot be said for other situations.[34] The mere possibility of future consequences in other situations is too speculative to give rise to a case or controversy.[35] Therefore, a court must require a petitioner challenging a prison disciplinary action to affirmatively allege and demonstrate such consequences.[36]

Tracy has made no demonstration whatsoever that he will suffer any collateral consequences from the expunged prison disciplinary action. His claims that the expunged prison disciplinary action may result in (1) an increase in the duration and intensity of his supervised release; (2) an adverse reaction by other governmental agencies to the entries in his BOP records; (3) an increase in his custody classification; (4) a more adverse adjudication of any future allegations of disciplinary infractions; (5) the denial of a furlough; and (6) a shorter stay in a half-way house or in home confinement are too speculative to give rise to a case or controversy. Therefore, the Court dismisses Tracy's petition as moot.

---

[33] *Lane v. Williams*, 455 U.S. 624, 632 (1982); *Carafas v. Lavalle*, 391 U.S. 234, 237 (1968).

[34] *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998); *see also Lane*, 455 U.S. at 624 (holding that where a prisoner only challenges his sentence, and not his conviction, *Carafas* does not apply).

[35] *Spencer*, 523 U.S. at 1. *See also Bailey v. Southerland*, 821 F.2d 277 (5th Cir. 1987) (holding that a habeas petition challenging a prison disciplinary action for insolence and failure to obey was moot after petitioner's release).

[36] *Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir. 1998) (citing *Spencer*, 523 U.S. at 12–14)).

## CONCLUSION AND ORDERS

Accordingly, based on Tracy's petition and the undisputed facts in the record, the Court finds that the issues presented are no longer live, and that the Court lacks the statutory or constitutional authority to adjudicate the case. Therefore, the Court enters the following orders.

1. The Court **GRANTS** Respondent M. Travis Bragg's motion to dismiss [ECF No. 18].

2. The Court **DISMISSES** Petitioner Patrick Tracy's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 [ECF No. 5] as **MOOT**.

3. The Court additionally **DENIES** all pending motions in this cause, if any, as **MOOT**.

**SO ORDERED.**

SIGNED this __30__ day of **November, 2011.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE